{¶ 21} I respectfully dissent from the majority decision that Nguyen did not engage in frivolous conduct. I believe that the trial court did not abuse its discretion in determining that the filing of appellant's malpractice complaint was frivolous conduct pursuant to R.C. 2323.51 and by awarding attorney's fees and expenses to appellees. I would affirm the trial court's determination in this respect. However, I concur with the majority's determination that the trial court should have considered the issue of whether Kramer failed to mitigate his attorney's fees and would remand the matter on this issue.
 {¶ 22} The basis of Nguyen's malpractice action against Kramer was not the legal action that Kramer brought on behalf of Nguyen. Indeed, the parties entered into an agreement for legal representation on May 1, 2001, a retainer fee was taken, and Kramer filed a lawsuit on Nguyen's behalf. That suit included a retaliation claim; however, it also stated claims of wrongful discharge, in violation of Ohio public policy, that were supported by existing Ohio law. During the course of that litigation, Nguyen terminated his attorney-client relationship with Kramer. *Page 12 
 {¶ 23} Subsequently, Nguyen brought this legal malpractice matter against Kramer. The essence of Nguyen's claim against Kramer was that Kramer did not institute legal proceedings for a retaliation claim within the applicable statute of limitations period and/or accurately advise Nguyen as to the 90-day period for filing a retaliation claim under R.C. 4123.90. As further set forth in an interrogatory response provided by Nguyen, the basis for the negligence allegations in his complaint was that Kramer failed to notify Nguyen's employer of his retaliation claim within 90 days of his discharge and/or failed to advise Nguyen of this legal requirement. Nguyen also testified at the hearing on the motion for attorney's fees that he filed the lawsuit because Kramer never told him about the 90-day filing requirement.
 {¶ 24} Kramer moved to dismiss the initial complaint for failure to state a claim because the allegations reflected that Kramer was not retained until after the 90-day period had expired. While the motion was pending, Nguyen filed a notice of voluntary dismissal.
 {¶ 25} In his refiled complaint, Nguyen included new allegations pertaining to meetings with Kramer on December 30, 2000, and in February 2001 to discuss the legality of his termination. Not only was there no evidence to support these allegations, but Kramer disclosed he was out of town at the time of these alleged meetings and denied that the meetings ever took place. More important, there was no evidence to establish that an attorney-client relationship was created at this time.
 {¶ 26} Edward G. Kramer submitted an affidavit in which he stated that before he ever agrees to discuss a legal matter with an individual, he requires an employment questionnaire *Page 13 
be completed. The questionnaire specifically states that it does not create an attorney-client relationship and that such a relationship is created only by a proper agreement to that effect. Nguyen completed this questionnaire on April 4, 2001. The questionnaire also advises that the law firm has made no decision on whether it would take the case, that it takes time for the law firm to review the information provided, and that there is a risk that time limits could pass before any decision to take legal action is made.
 {¶ 27} The attorney-client contract was not executed until May 1, 2001. This document retained Kramer to conduct an initial investigation into Nguyen's potential claims. A $1,500 retainer fee was paid at that time. On the same date, Nguyen filled out a client information sheet that stated neither Kramer Associates nor its attorneys had provided legal services to Nguyen in the past.
 {¶ 28} Nguyen acknowledged in both his initial complaint and his refiled complaint that he entered into the written agreement with Kramer and paid fees for their services on May 1, 2001. Likewise, in a grievance application to the Ohio Supreme Court Disciplinary Counsel filed against Kramer on December 11, 2002, Nguyen also asserted that he "hired Mr. Kramer as my counsel on May 1, 2001."
 {¶ 29} Following opening statements and a conference with the trial judge, the parties stipulated to a voluntary dismissal with prejudice. Kramer then filed his motion for attorney fees pursuant to R.C. 2323.51
and Civ. R. 11. In opposing the motion, and in this appeal, Nguyen asserted, for the first time, that his claims were not based solely on Kramer's alleged failure to satisfy the notice requirements of R.C. 4123.90. Instead, Nguyen now claims that *Page 14 
his complaint was also based on the fact that Kramer accepted legal fees and pursued a case for more than a year without advising Nguyen that "there was little or no chance of recovery." Yet, the lawsuit that was filed included public policy claims supported by Ohio law. Further, Nguyen never retained any expert to establish that the pursuit of such claim constituted malpractice. In fact, there is no evidence in the record to suggest that this was a premise for Nguyen's legal malpractice claim, let alone that there were grounds to support such claim. Additionally, such assertion runs contrary to representations and testimony provided by Nguyen in this action, as well as to his decision to stipulate to a voluntary dismissal with prejudice.
 {¶ 30} Following a hearing on Kramer's motion for attorney fees, the trial court appropriately determined that Nguyen engaged in frivolous conduct and granted Kramer's motion for attorney fees. Upon the record in this case, I believe this was a proper exercise of the trial court's discretion. However, I agree with the majority that the trial court should have considered whether Kramer failed to mitigate his attorney's fees and would remand the matter on this issue. *Page 1